IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**SETH MICHAEL KASEL,**

        **Petitioner,**

  v.                                 CASE NO.17-3077-SAC

**STATE OF KANSAS,**

        **Respondent.**


## MEMORANDUM AND ORDER

The case comes before the Court on petitioner Seth Michael Kasel's petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, a prisoner incarcerated in the Sedgwick County Jail, proceeds pro se. The Court finds that it lacks subject matter jurisdiction over this petition and further finds the petition has been filed out of time. Moreover, Petitioner has failed to exhaust his state remedies and is now barred from doing so.

**Background**

On January 25, 2010, Mr. Kasel pled no contest to a violation of K.S.A. 21-3504, aggravated indecent liberties with a child, pursuant to a plea agreement. Mr. Kasel was a juvenile

1

when the violation occurred. He was sentenced on January 31, 2012, to 24 months incarceration and 6 months of after care. As a result of his conviction, he was required to register as a sex offender for 5 years pursuant to the Kansas Offender Registration Act ("KORA"), K.S.A. 22-4901, et seq. Petitioner completed his incarceration and after care. Mr. Kasel states he failed to register for some period of time after his release because he was not aware of his obligation. A search for Petitioner in the publicly available Kansas Adult Supervised Population Electronic Repository ("KASPER") results in a record stating that Petitioner was sentenced to jail on February 12, 2015, for failing to register and remains in custody. The KORA online registry site gives an "end of registration" date of January 19, 2019. The undersigned takes judicial notice of these publicly available records. Mr. Kasel apparently did not appeal either of his convictions. Petitioner filed this action on May 4, 2017.

**Rule 4 Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

**Petition**

Petitioner states in his application that he is challenging his 2010 conviction and 2012 sentencing. He does not request release from his current incarceration for failure to comply with the registration requirements. Mr. Kasel requests "a relief of registry" (Doc. #1, p. 14), stating, "All I want is to not have to register." (Doc. #1-1, p. 1). He lists several grounds for his petition: (1) he was a juvenile, ignorant of the law, and not aware of the ramifications at the time he signed the plea agreement; (2) he was "coerced" into signing the plea agreement by his attorney; (3) he was not made aware of the duty to register at sentencing; (4) KORA is a bill of attainder; (5) KORA is punitive; (6) malicious prosecution; and (7) actual innocence.

**Analysis**

**A. Jurisdiction**

This Court may not reach the merits of Mr. Kasel's petition because the Court lacks subject matter jurisdiction. Section 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner seeking habeas relief must be in custody under the challenged conviction

or sentence at the time the application is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Habeas relief is generally not available when a petitioner seeks to challenge a prior conviction for which he is no longer "in custody." *See Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001). It appears from the record before the Court that Mr. Kasel has completed his sentence for the 2010 conviction that he challenges here and is no longer incarcerated under that conviction.

However, a petitioner may be found to be "in custody" for purposes of the habeas corpus act in situations where the petitioner is not physically incarcerated. The custody requirement can be met where there is a severe restraint on a person's liberty imposed because of the individual's criminal conviction. *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973). Hence, courts have found petitioners to be "in custody" when they are on parole or probation, or even released on their own recognizance pending execution of sentence, due to the significant restraints on liberty. See *id.*; *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963); *Olson v. Hart*, 965 F.2d 940, 942-43 (10th Cir. 1992). In contrast, collateral consequences of a conviction, such as inability to vote or obtain certain licenses, are not sufficient to meet the custody requirement for a writ of habeas corpus. *See Maleng*, 490 U.S.

at 492; *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998).

While Mr. Kasel does not specifically make the argument, other similarly situated petitioners have argued that an offender registry requirement is a sufficient restraint on an individual's liberty to qualify as being "in custody." This argument has been uniformly rejected by the federal circuit courts, including the Tenth Circuit, even in the face of differing state registration act requirements. *See Calhoun v. Att'y General of Colorado*, 745 F.3d 1070, 1074 (10th Cir. 2014)(Colorado registration statute); *Virsnieks v. Smith*, 521 F.3d 707, 720 (7th Cir. 2008)(Wisconsin registration statute); *Wilson v. Flaherty*, 689 F.3d 332, 335, 338-39 (4th Cir. 2012)(considering Virginia and Texas registration statutes); *Leslie v. Randle,* 296 F.3d 518, 522-23 (6th Cir. 2002)(Ohio registration statute); *McNab v. Kok,* 170 F.3d 1246, 1247 (9th Cir. 1999)(Oregon statute); *Henry v. Lungren,* 164 F.3d 1240, 1241-42 (9th Cir. 1999)(California statute); *Williamson*, 151 F.3d at 1183-84 (Washington statute).

In *Calhoun*, the Tenth Circuit considered whether the ongoing registry obligation under Colorado's sex offender registry law satisfied the custody requirement for habeas relief. Mr. Calhoun pled guilty to unlawful sexual contact in 2002 and was sentenced to two years probation and required to

5

register. His probation was terminated in 2007, and he filed a § 2254 petition challenging his conviction in 2012. *Calhoun*, 745 F.3d at 1072.

The court found that Mr. Calhoun had completed his sentence, and there were no conditions of his sentence that could subject him to reincarceration or that placed another restraint on his liberty. He was "free to live, work, travel, and engage in all legal activities without limitation and without approval by a government official." *Id.* at 1074. As a result, the court concluded that the Colorado sex offender registration requirements are "collateral consequences of conviction that do not impose a severe restriction on an individual's freedom." *Id.* The Tenth Circuit held that "the requirement to register under state sex-offender registration statutes does not satisfy § 2254's condition that the petitioner be 'in custody' at the time he files a habeas petition." *Id.*

The requirements under KORA do not differ materially from those of the Colorado act considered in *Calhoun*. Under KORA, Mr. Kasel must register within three business days of coming into any county where he resides, works or attends school. He must report in person to the local registry agency four times a year. He has to provide identifying and contact information and be photographed and fingerprinted. K.S.A. 22-4905. He is included on a public website maintained by the Kansas Bureau of

Investigation. However, as in *Calhoun*, Mr. Kasel is "free to live, work, travel, and engage in all legal activities without limitation and without approval by a government official." *See Calhoun*, 745 F.3d at 1074. Moreover, the Kansas Supreme Court recently found that even a lifetime registration requirement under KORA is not punishment under the federal or Kansas constitution. *State v. Peterson-Beard*, 377 P.3d 1127, 1131 (Kan. 2016). "Although the 'in custody' requirement may be satisfied by restraints other than criminal punishment, . . . the [Kansas] Supreme Court's conclusion that [KORA] is a form of civil regulation provides additional support for our conclusion that the classification, registration, and community notification provisions are more analogous to collateral consequences such as the loss of the right to vote than to severe restraints on freedom of movement such as parole." *Leslie*, 296 F.3d at 523 (internal quotation marks and citation omitted). Therefore, the Court finds that merely being subject to the KORA registration requirement is a collateral consequence of Mr. Kasel's 2010 conviction and does not cause him to be "in custody" for habeas purposes.

However, that does not end the inquiry. The question raised by Mr. Kasel's situation is whether the fact that he is in actual, physical custody for a violation of a registration act causes him to be "in custody" under the original conviction

7

for purposes of § 2254. The Tenth Circuit found in *Calhoun* that a future threat of incarceration for offenders who fail to comply with the offender registration statute is insufficient to satisfy the custody requirement. *Calhoun*, 745 F.3d at 1074. But in Mr. Kasel's case, we have moved beyond a mere future threat.

Two circuits have considered this question and reached opposite results. In *Zichko v. Idaho*, the petitioner pled guilty to rape and was sentenced in 1987. *Zichko v. Idaho*, 247 F.3d 1015, 1017 (9th Cir. 2001). He did not appeal. Mr. Zichko served his sentence, but then violated the Idaho sex offender registration act. He was incarcerated for that violation when he filed his § 2254 petition in 1997 challenging the underlying rape conviction. *Id.* at 1017-18.

The court first stated that it had several times held that merely being subject to a sex offender registry requirement does not satisfy the "in custody" requirement after the original conviction has expired, but then pointed out that in none of those cases was the petitioner actually incarcerated for failing to register. *Id.* at 1019. According to the court, it is "well settled" that where an offender is in custody pursuant to another conviction that is positively and demonstrably related to the conviction he attacks, he meets the habeas "in custody" requirement. *Id.* at 1019, *quoting Carter v. Procunier*, 755 F.2d

8

1126, 1129 (5th Cir. 1985). Therefore, the Ninth Circuit found that "a habeas petitioner is 'in custody' for the purposes of challenging an earlier, expired rape conviction, when he is incarcerated for failing to comply with a state sex offender registration law because the earlier rape 'is a necessary predicate' to the failure to register charge." *Id.*

The Third Circuit reached the opposite result. *Bonser v. Dist. Att'y of Monroe Cnty.*, 659 F. App'x 126 (3rd Cir. 2016)(unpublished). In *Bonser*, the petitioner was convicted in 2006 of unlawful contact with a minor and served his sentence. Then, he was convicted in 2013 for failing to register as a sex offender and was in prison at the time he filed his § 2254 petition challenging the underlying 2006 conviction. *Id.* at 127. The court cited *Calhoun* in support of the finding that sex offender registration requirements are collateral consequences of a conviction and do not rise to the level of "custody" for habeas purposes. *Id.* at 128.

The court reasoned that because the registration requirement is itself a collateral consequence of the sex offense conviction, any penalty that results from the violation of such requirement must be a collateral consequence as well. *Id., citing Maleng*, 490 U.S. at 492; *Davis v. Nassau Cty.*, 524 F. Supp. 2d 182, 189 (E.D.N.Y. 2007)(holding that "the fact that these collateral penalties are not merely a possibility, but

9

have actually materialized . . ., does not make them any less collateral and, thus, does not change the 'in custody' analysis"). The Third Circuit went on to find that the petitioner's current custodial status was not a continuation of his expired sex offense sentence but was pursuant to an entirely separate conviction. Consequently, he was not "in custody" under the original conviction and could not obtain review of that conviction. *Id.* at 129. The court reasoned that to decide the opposite would "reward law-breakers, because sex offenders who fail to register would have an additional opportunity to challenge their underlying convictions - no matter how old - while individuals who abide by the registration requirements would forgo such an opportunity." *Id.*

In a footnote, the court addressed the *Zichko* decision, stating "[o]nly the Court of Appeals for the Ninth Circuit has accepted the view that a petitioner is 'in custody' for the purpose of challenging an earlier, expired rape conviction, when he is incarcerated for failing to comply with a state sex offender registration law" and pointing out that "[n]o courts outside the Ninth Circuit have followed *Zichko*" and two federal district courts had explicitly rejected it. *Id.* at 129, n.4.

While the Tenth Circuit has not considered this issue, this Court finds the *Bonser* case persuasive. In his § 2254 petition, Mr. Kasel challenges his underlying, expired conviction. He

10

does not even mention his conviction for failing to register or his current incarceration. Under Supreme Court precedent, he cannot bring a habeas action directed solely at the underlying conviction because he is no longer serving the sentence for that conviction. *Lackawanna*, 532 U.S. at 401.

The on-going duty to register as a sex offender resulting from the 2010 conviction is a collateral consequence of the conviction, not a part of the sentence. *See Calhoun,* 745 F.3d at 1074. Therefore, that duty does not render Mr. Kasel "in custody" for purposes of challenging the conviction through a habeas action. *See id.* Petitioner's conviction and incarceration for a violation of the duty to register is also a collateral consequence of the original conviction. *See Bonser*, 659 F. App'x at 128; *cf. Broomes v. Ashcroft*, 358 F.3d 1251 (10th Cir. 2004), *abrogated on other grounds*, *Padilla v. Kentucky*, 599 U.S. 356 (2010)(finding that the detention and impending deportation of lawful, permanent residents is a collateral consequence of their state criminal convictions and does not cause the defendants to be "in custody" for purposes of a habeas action challenging those expired state convictions). This Court does not have jurisdiction to reach the merits of Mr. Kasel's petition because he is not "in custody" under the conviction or sentence he attacks. *Accord Daniels v. Jones*, 2010 WL 3629835, at *5 (D. Colo. Sept. 9, 2010).

**B. Exhaustion**

Assuming for the sake of argument that this Court does have subject matter jurisdiction over Mr. Kasel's claims, he faces two more fatal flaws with his § 2254 petition that preclude consideration of the merits. First, a federal court cannot grant a state prisoner's habeas petition unless the petitioner has exhausted his claims in state court. *See* 28 U.S.C. § 2254(b)(1). Exhaustion requires that a state prisoner give state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). Petitioner bears the burden of showing exhaustion. *See Olson v. McKune,* 9 F.3d 95, 95 (10th Cir. 1993).

Based on Mr. Kasel's petition, it appears that he has not pursued any type of review by the state courts. It further appears that Petitioner is now out of time to seek such review under Kansas law. If so, the passage of time has resulted in a procedural default. *O'Sullivan*, 526 U.S. at 848. To overcome a procedural default, Petitioner must demonstrate good cause for the default and actual prejudice as a result of the alleged violation of federal law that he seeks to raise here, or demonstrate that the failure to consider his claims will result in a fundamental miscarriage of justice. *Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014), *citing Coleman v. Thompson,* 501

U.S. 722, 749 (1991). Consequently, the Court directs Petitioner to show cause why, if the Court had subject matter jurisdiction, this action should not be summarily dismissed without prejudice for failure to exhaust his state remedies.

**C. Statute of Limitations**

The final problem with Mr. Kasel's petition is that it is not timely. The statute of limitations for filing a habeas corpus petition under § 2254 is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The "limitation period shall run from" the "latest of" four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The statute further provides for tolling of the statute of limitations during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2).

The allegations contained in Mr. Kasel's petition do not support the use of any date later than the date petitioner's sentence became final for calculating the limitation period. It appears Petitioner was sentenced on January 31, 2012. That sentence became final on February 10, 2012, with the expiration of the time for seeking direct review (10 days). *See* K.S.A. 22-3608. The one-year limitation period for filing a § 2254 petition began to run on February 10, 2012, and because Mr. Kasel did not appeal his conviction, there is no basis for statutory tolling under § 2244(d)(2).

Petitioner filed this action on May 4, 2017, more than five years after his sentence became final, well beyond the one year limitation period. Petitioner's § 2254 petition is untimely and is subject to dismissal.

However, under very limited circumstances, the limitation period may be equitably tolled. *See id*. Equitable tolling is available only "when an inmate diligently pursues his claims and

demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Id.*

Petitioner presents what could be an argument for the application of equitable tolling in his petition, stating he was ignorant of the law and not aware of any time limits. (Doc. #1, pp. 11, 13). The Court advises Petitioner that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)(citation omitted). Petitioner has not diligently pursued his claims or alleged any extraordinary circumstances beyond his control that would justify the application of equitable tolling.

Although the Court currently sees no basis for equitable tolling, Petitioner will be allowed an opportunity to present any additional grounds before his application is dismissed.

**IT IS THEREFORE ORDERED** that Petitioner is granted twenty (20) days from the date of this Order to show cause why this matter should not be dismissed for lack of subject matter jurisdiction and as barred by the exhaustion requirement and the limitation period. The failure to file a response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED: This 16th day of June, 2017, at Topeka, Kansas.

                                      **s/ Sam A. Crow**
                                      **SAM A. CROW**
                                      **U.S. Senior District Judge**